FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 2:44 pm, Jan 24, 2017

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>16-11519</u> |
| CEDAR ROCK HOLDINGS, LLC, | ) | |
| | ) | |
| Alleged Debtor | ) | |
| | ) | |

### ORDER

Before the Court is a Motion to Dismiss filed by the alleged debtor, Cedar Rock Holdings, LLC ("Cedar Rock") seeking dismissal of the involuntary bankruptcy petition in this case. On January 23, 2017, the Court held a status conference on the Motion to Dismiss and a hearing on the Motion to Quash filed by Cedar Rock. During the discussions to clearly define and narrow the issues for the upcoming hearing on the Motion to Dismiss, it became apparent to the Court that this involuntary petition was filed without proper authority from at least three of the purported eight initial petitioning creditors. During the proceedings, purported counsel for the petitioning creditors acknowledged he did not have the authority of: Stewart Construction, LLC; W R Toole Engineers, LLC; or CSRA Testing & Engineering Co., Inc. when he affixed their

AO 72A
(Rev. 8/82)

electronic signatures to the initial petition[1] and indicated he represented these respective parties. This is grounds for dismissal of the involuntary petition.

In adopting the involuntary provisions of Bankruptcy Code, Congress balanced creditors' and debtors' rights. See 11 U.S.C. §303. One of the procedural safeguards Congress imposed against creditors improperly using the involuntary bankruptcy process was to establish certain numerosity and monetary thresholds. Id. For alleged debtors with twelve or more creditors, the Code requires that any involuntary case must be commenced by "three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, . . . if such noncontingent, undisputed claims aggregate at least $15,775 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims." 11 U.S.C. §303(b)(1)(emphasis added). In this case, three of the initial eight creditors did not consent to the filing of the petition on their behalf. Furthermore, from the pleadings filed to date, the claims of at least three of the remaining five purported petitioning

---

[1] The initial petition was subsequently amended removing CSRA Testing & Engineering Co., Inc. as a petitioning creditor. See Dckt. Nos. 2 and 4.

2

creditors are highly contested. In order to prevail in the involuntary proceeding, three or more of the petitioning creditors would have to establish their respective claims were not "subject to a bona fide dispute as to liability or amount." 11 U.S.C. §303(b)(1). Potentially, if the case was decided upon the merits, the petitioning creditors may not have met the numerosity component of the Code to commence this involuntary proceeding.[2]

The filing of the involuntary bankruptcy petition is an extraordinary remedy. In re Atwood, 124 B.R. 402, 405 (S.D. Ga. 1991)(stating involuntary bankruptcy "is a severe remedy and Congress prefers that creditors settle their disputes without resorting to the involuntary bankruptcy procedure"); In re Biogenetic Techs., Inc., 248 B.R. 852, 856 (Bankr. M.D. Fla. 1999)(same). The procedural integrity of the entire system is of vital importance in all court proceedings, but especially in involuntary bankruptcy petitions, where creditors are attempting to place the purported debtor into bankruptcy without the debtor's consent. This involuntary petition was signed under penalty of perjury providing that it was true and correct and well-grounded in

---

[2] The Court has not reached the merits of whether these claims are subject to a bona fide dispute as to liability or amount, but obviously in a small business eight petitioning creditors seeking to place the alleged debtor into bankruptcy has a different impact than five (or potentially one) petitioning creditors pursuing the same relief.

3

fact and law. See Dckt. No. 1. It was then filed with the Court, attempting to commence an involuntary bankruptcy proceeding against the purported debtor despite the fact that at least three[3] of the purported eight initial petitioning creditors had not authorized the filing of the involuntary petition on their behalf. Proper procedural integrity and respect has not been afforded to this purported debtor or the Bankruptcy Code. After considering these facts and circumstances the Court finds dismissal of this petition is appropriate.

For the foregoing reasons, and the reasons set forth at the hearing held January 23, 2017, the involuntary petition is ORDERED DISMISSED. The Clerk is directed to set a hearing pursuant to 11 U.S.C. §303(i) and Federal Rule of Bankruptcy Procedure 9011(c)(1)(B) for the Court to consider assessing costs, fees, damages (including without limitation punitive damages) and other appropriate sanctions against: Innovative Attraction Management LLC; Parker, Poe, Adams and Bernstein, PC; Ocozzio, Inc.; T-Factor, LLC; Johnette Bell; and/or their purported counsel of record.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 24th day of January, 2017.

---

[3] And, potentially seven.